**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of Delaware _____
(State)

Case number (*If known*): _____ Chapter 11

☐ Check if this is an
amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/20

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Transformation Tech Investors, Inc.** |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | **Interface Preferred Holdings, Inc.** |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number (EIN)** | 8  2  –  2  0  9  6  6  7  7 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **3773 Corporate Center Dr.** | |
| Number    Street | Number    Street |
| | |
| **Earth City**        **MO**        **63045** | |
| City             State      Zip Code | City             State      Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **St. Louis** | |
| County | Number    Street |
| | |
| | City             State      Zip Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **https://interfacesystems.com/** |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other.  Specify: _____ |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. *See* http://www.uscourts.gov/four-digit-national-association-naics-codes.

  5616

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1). Its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes. District _____ When _____ Case number _____
                                              MM / DD / YYYY

                District _____ When _____ Case number _____
                                              MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☒ No

☐ Yes. Debtor _____ Relationship _____

                District _____ When _____
                                                              MM / DD / YYYY

                Case number, if known _____

Debtor   **Transformation Tech Investors, Inc.**

Name

Case number *(if known)*

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____

| Number | Street |
|--------|--------|

_____

| City | State | ZIP Code |
|------|-------|----------|

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

## Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☒ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated assets**

☐ $0-$50,000
☐ $50,001-$100,000
☒ $100,001-$500,000
☐ $500,001-$1 million

☐ $1,000,001-$10 million
☐ $10,000,001-$50 million
☐ $50,000,001-$100 million
☐ $100,000,001-$500 million

☐ $500,000,001-$1 billion
☐ $1,000,000,001-$10 billion
☐ $10,000,000,001-$50 billion
☐ More than $50 billion

Debtor    **Transformation Tech Investors, Inc.**
          Name

Case number (*if known*)_____

---

**16. Estimated liabilities**

☐ $0-$50,000                  ☐ $1,000,001-$10 million        ☐ $500,000,001-$1 billion
☐ $50,001-$100,000            ☐ $10,000,001-$50 million       ☐ $1,000,000,001-$10 billion
☐ $100,001-$500,000           ☐ $50,000,001-$100 million      ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million         ☒ $100,000,001-$500 million     ☐ More than $50 billion

---

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    11/11/2020
               MM / DD / YYYY

✗ /s/ Mark Pape
Signature of authorized representative of debtor

Mark Pape
Printed name

Title  Director, Authorized Person

**18. Signature of attorney**

✗ /s/ Paul N. Heath
Signature of attorney for debtor

Date  11/11/2020
      MM / DD / YYYY

Paul N. Heath
Printed name

Richards, Layton & Finger, P.A.
Firm name

One Rodney Square, 920 North King Street
Number    Street

Wilmington                           Delaware          19801
City                                 State             ZIP Code

(302) 651-7700                       heath@rlf.com
Contact phone                        Email address

3704                                 Delaware
Bar number                           State

---

**RESOLUTIONS ADOPTED BY WRITTEN CONSENT**

**OF THE SPECIAL INDEPENDENT COMMITTEE**

**OF THE BOARD OF DIRECTORS OF**

**TRANSFORMATION TECH INVESTORS, INC.**

November 9, 2020

The undersigned, constituting all of the members of the special independent committee (the "**Committee**") of the board of directors (the "**Board**"), of Transformation Tech Investors, Inc. (f/k/a Interface Preferred Holdings, Inc.), a Delaware corporation (the "**Company**"), acting pursuant to and in accordance with Section 141(f) of the General Corporation Law of the State of Delaware, does hereby consent to, adopt, and approve by written consent in accordance with applicable law, the following resolutions and each and every action effected thereby:

WHEREAS, on September 9, 2020, the Board established the Committee and delegated to the Committee the full and exclusive power and authority of the Board, to the fullest extent permitted by law, to take any and all actions and to do or cause to be done any or all things that may appear to the Committee to be necessary or advisable with respect to a potential sale of the Company's assets pursuant to section 363 of title 11 of the United States Code (the "**Bankruptcy Code**") and any alternatives thereto, including evaluating proposals, negotiating on behalf of the Company, and approving the execution and delivery of any documents related thereto;

WHEREAS, the Committee has reviewed and had the opportunity to ask questions about the materials presented by members of the Company's management and the legal and financial advisors of the Company regarding the liabilities and liquidity of the Company, the strategic alternatives available, and the impact of the foregoing on the Company's business;

WHEREAS, the Committee has had the opportunity to consult with members of the Company's management and the Company's legal and financial advisors to fully consider each of the strategic alternatives available to the Company;

WHEREAS, the Committee has considered presentations by members of the Company's management and the financial and legal advisors of the Company regarding a restructuring support agreement in form and substance substantially as proposed (the "**Restructuring Support Agreement**");

WHEREAS, the Company has negotiated the Restructuring Support Agreement in good faith and at arm's-length with the other parties thereto;

WHEREAS, the Restructuring Support Agreement provides that the Company with a right to terminate that agreement if continued performance thereunder would be inconsistent with the exercise of the Company's fiduciary duties or applicable law;

WHEREAS, the Committee, after consulting with members of the Company's management and the Company's financial and legal advisors, believes that entering into the proposed debtor in possession financing facility, pursuant to the Term Note Agreement (the "**DIP Note Agreement**") for a $5,000,000 first lien senior secured note facility (the "**DIP Facility**"), and consummating the transactions contemplated thereby, is advisable and in the best interests of the Company and all of its residual claimants;

WHEREAS, the Committee, after consulting with members of the Company's management and the Company's financial and legal advisors, believes that the offer for the purchase of the Company's membership interests (the "**Membership Interests**") in its subsidiary, Interface Security Systems, L.L.C., pursuant to that certain Purchase and Sale Agreement (the "**Stalking Horse Agreement**") between the Company and the Purchaser (as defined therein), is the best offer the Company has received to maximize the value of its assets, and entry into the Stalking Horse Agreement, subject to higher and better offers in connection with the Company's commencement of a voluntary case under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Case**"), is advisable and in the best interests of the Company and all of its residual claimants; and

WHEREAS, the Committee has determined that taking the actions set forth below is advisable and in the best interests of the Company and all of its residual claimants and, therefore, desires to approve the following resolutions.

NOW, THEREFORE, BE IT RESOLVED, that Mark Pape, acting individually, in his capacity as a director of the Company, as the sole member of the Committee, as an authorized person of the Company or in any other capacity (the "**Authorized Person**"), is authorized, empowered, and directed to execute and file in the name and on behalf of the Committee and the Company, and under the Company's corporate seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, orders, and other documents in the Chapter 11 Case in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**") related to the actions set forth below, and, in connection therewith, to take and perform any and all further acts and deeds which the Authorized Person deems necessary, proper, or desirable in connection therewith, including (i) negotiating, executing, delivering, and performing any and all documents, agreements, certificates, and instruments in connection with the transactions and professional retentions set forth in this resolution, (ii) appearing as necessary at all bankruptcy proceedings in the Bankruptcy Court on behalf of the Company and (iii) paying all such expenses where necessary or appropriate in order to carry out fully the intent and accomplish the purposes of the resolutions adopted herein;

## I.    DIP Financing

RESOLVED, that the DIP Note Agreement and the transactions contemplated thereby are hereby approved, and the Authorized Person shall be, and hereby is, authorized, empowered and directed on behalf of and in the name of the Company, to enter into the DIP Note Agreement and take all actions necessary and appropriate for the Company to obtain post-petition financing according to the terms negotiated by the Authorized Person under the DIP Facility, including entering into other documents evidencing the DIP Facility, including any loan agreements,

2

documents, notes, guaranties, security agreements, pledge agreements and all other documents, agreements or instruments related thereto (collectively, the "**DIP Credit Documents**"), and making changes to the DIP Note Agreement, as may be deemed necessary or appropriate by the Authorized Person (such approval to be conclusively evidenced by the execution thereof or taking of such action by the Authorized Person); and

RESOLVED FURTHER, that the Company is authorized, and the Authorized Person shall be, and hereby is, authorized and empowered, with full power of delegation, on behalf of and in the name of the Company, to execute, deliver, verify and/or file, or cause to be filed and/or executed, delivered or verified (or direct others to do so on their behalf as provided herein), and to amend, supplement or otherwise modify from time to time, all necessary and appropriate documents, including, without limitation, petitions, affidavits, schedules, motions, lists, applications, pleadings and other documents, agreements and papers, including all DIP Credit Documents, and to take any and all actions that the Authorized Person deems advisable, necessary or appropriate in connection with the Chapter 11 Case, any post-petition financing or any cash collateral usage contemplated hereby or thereby (such approval to be conclusively evidenced by the execution thereof or taking of such action by the Authorized Person);

## II.    Restructuring Support Agreement and Potential Sale Transaction

RESOLVED, that the Committee has determined, after due consultation with members of the Company's management and the Company's legal and financial advisors, that it is advisable and in the best interests of the Company and all of its residual claimants, including its creditors and other parties in interest to enter into the Restructuring Support Agreement, and that the form, terms and provisions of the Restructuring Support Agreement, the Company's performance of its obligations under the Restructuring Support Agreement, and the consummation of the transactions contemplated thereby, be and hereby is, in all respects, authorized and approved;

RESOLVED FURTHER, that the Company is hereby authorized, and the Authorized Person shall be, and hereby is, authorized, empowered and directed on behalf of and in the name of the Company, in consultation with the Company's advisors, to take all actions (including, without limitation, to negotiate and execute any agreements, documents, or certificates) necessary to enter into the Restructuring Support Agreement and to consummate the transactions contemplated thereby in connection with the Chapter 11 Case, and that the Company's performance of its obligations under the Restructuring Support Agreement hereby is, in all respects, authorized and approved;

RESOLVED FURTHER, that the Company is hereby authorized, and the Authorized Person shall be, and hereby is, authorized, directed and empowered, on behalf of and in the name of the Company, to file a motion with the Bankruptcy Court seeking (i) approval of bidding procedures to be used to facilitate a potential sale of the Membership Interests pursuant to Section 363 of the Bankruptcy Code (the "**Potential Sale Transaction**") and (ii) approval of the Company's entry into the Stalking Horse Agreement with the Purchaser, as a stalking horse bidder, subject to higher and better offers and Bankruptcy Court approval;

3

RESOLVED FURTHER, that the Authorized Person be, and hereby is, authorized, directed and empowered on behalf of, and in the name of, the Company, to conduct a marketing process to identify possible purchasers for the Potential Sale Transaction under the supervision of the Bankruptcy Court;

RESOLVED FURTHER, that the Stalking Horse Agreement and the tranactions contemplated thereby, are hereby approved, and the Authorized Person shall be, and hereby is, authorized, empowered and directed on behalf of and in the name of the Company, to enter into the Stalking Horse Agreement and take all actions necessary and appropriate for the Company in connection with the Stalking Horse Agreement and make such changes to the Stalking Horse Agreement as may be deemed necessary or appropriate by the Authorized Person (such approval to be conclusively evidenced by the execution thereof or taking of such action by the Authorized Person); and

RESOLVED FURTHER, that the Authorized Person be, hereby is, authorized, directed and empowered on behalf of, and in the name of, the Company, to (a) take actions and negotiate, or cause to be prepared and negotiated, and subject to Bankruptcy Court approval as required, to execute, deliver, perform and cause the performance of any agreements (including the Stalking Horse Agreement and any other asset purchase agreements), certificates, instruments, receipts, petitions, motions or other papers or documents in furtherance of, and necessary to effectuate, any Potential Sale Transaction to which the Company is or will be a party and (b) request the Bankruptcy Court to approve any Potential Sale Transaction (including a sale of the Company's assets to the highest bidder) and for any related relief;

## III.    General Authorization and Ratification

RESOLVED, that the Authorized Person be, and hereby is, authorized, empowered and directed, for and on behalf of the Company to (a) do and perform all such acts and things and enter into, execute, acknowledge, deliver, and file all such certificates, agreements, acknowledgments, instruments, contracts, statements, and other documents and to take such further actions as the Authorized Person may deem necessary or appropriate to effect the intent and accomplish the purposes of the foregoing resolutions, with the taking of any such action by the Authorized Person being conclusive evidence that the same did meet such standards as set forth above, (b) perform the obligations of the Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices and documents to be executed and delivered in such form, as the Authorized Person performing or executing the same shall approve, and the performance or execution thereof by the Authorized Person shall be conclusive evidence of the approval thereof by the Authorized Person, the Committee and by the Company and (c) pay fees and expenses in connection with the transactions contemplated by the foregoing resolutions; and

RESOLVED FURTHER, that any and all actions taken by the Authorized Person prior to the date of adoption of the foregoing resolutions, which would have been authorized by the foregoing resolutions but for the fact that such actions were taken prior to such date, be, and each hereby is, ratified, approved, confirmed, and adopted as a duly authorized act of the Company in all respects and for all purposes.

DocuSign Envelope ID: 14A9727C-963E-4295-B51F-93589D59B9F5

**IN WITNESS WHEREOF**, the undersigned has executed this Action by Written Consent as of the date first set forth above.

Name: Mark Pape
Date:  November 9, 2020

RLF1 24285757v.1

## RESOLUTIONS ADOPTED BY WRITTEN CONSENT

## OF THE BOARD OF DIRECTORS OF

## TRANSFORMATION TECH INVESTORS, INC.

November 9, 2020

The undersigned, constituting all of the members of the board of directors (the "**Board**"), of Transformation Tech Investors, Inc. (f/k/a Interface Preferred Holdings, Inc.), a Delaware corporation (the "**Company**"), acting pursuant to and in accordance with Section 141(f) of the General Corporation Law of the State of Delaware, does hereby consent to, adopt, and approve by written consent in accordance with applicable law, the following resolutions and each and every action effected thereby:

WHEREAS, on September 9, 2020, the Board established a special independent committee (the "**Committee**") of the Board and delegated to the Committee the full and exclusive power and authority of the Board, to the fullest extent permitted by law, to take any and all actions and to do or cause to be done any or all things that may appear to the Committee to be necessary or advisable with respect to a potential sale of the Company's assets pursuant to section 363 of title 11 of the United States Code (the "**Bankruptcy Code**") and any alternatives thereto (the "**Potential Transactions**"), including evaluating proposals, negotiating on behalf of the Company, and approving the execution and delivery of any documents related thereto;

WHEREAS, the Committee has determined that certain Potential Transactions are advisable and in the best interests of the Company and all of its residual claimants;

WHEREAS, the Committee has approved the Company's entry into documentation for Potential Transactions that contemplate the Company's commencement of a voluntary case under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Case**") to effect those Potential Transactions;

WHEREAS, the Board has reviewed and had the opportunity to ask questions about the materials presented by the members of the Company's management and the legal and financial advisors of the Company regarding the liabilities and liquidity of the Company, the strategic alternatives available, and the impact of the foregoing on the Company's business;

WHEREAS, the Board has had the opportunity to consult with members of the Company's management and the legal and financial advisors of the Company to fully consider each of the strategic alternatives available to the Company;

WHEREAS, the Board has received, reviewed and considered the recommendations of, and the materials presented by, the management of the Company and the Company's legal and financial advisors as to the relative risks and benefits of pursuing a Chapter 11 Case; and

WHEREAS, the Board believes that taking each of the actions set forth below is advisable and in the best interests of the Company and all of its residual claimants and, therefore, desires to approve the following resolutions.

## I.    Commencement of Chapter 11 Case

NOW, THEREFORE, BE IT RESOLVED, that the Board has determined, after due consultation with members of the Company's the management and the legal and financial advisors of the Company, that it is advisable and in the best interests of the Company and all of its residual claimants, including its creditors and other parties in interest, that the Company shall be, and hereby is, authorized to file, or cause to be filed, a petition seeking relief under the provisions of chapter 11 of the Bankruptcy Code to commence the Chapter 11 Case and any other order that may be desirable under applicable law;

RESOLVED FURTHER, that Mark Pape, acting individually, in his capacity as a director of the Company, as the sole member of the Special Independent Committee of the Board, as an authorized person of the Company or in any other capacity, and any officer of the Company, in their capacity as such (each, an "**Authorized Person**"), is authorized, empowered, and directed to execute and file in the name and on behalf of the Company, and under its corporate seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, orders, and other documents in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**"), and, in connection therewith, to take and perform any and all further acts and deeds which the Authorized Person deems necessary, proper, or desirable in connection with the Company's Chapter 11 Case, including (i) negotiating, executing, delivering, and performing any and all documents, agreements, certificates, and instruments in connection with the transactions and professional retentions set forth in this resolution, (ii) appearing as necessary at all bankruptcy proceedings in the Bankruptcy Court on behalf of the Company and (iii) paying all such expenses where necessary or appropriate in order to carry out fully the intent and accomplish the purposes of the resolutions adopted herein;

## II.    Retention of Advisors

RESOLVED, that the Company shall be, and hereby is, authorized, empowered and directed on behalf of and in the name of the Company to retain the law firm of Richards, Layton & Finger, P.A., located at 920 N King St, Wilmington, DE 19801, as counsel for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval;

RESOLVED FURTHER, that the Company shall be, and hereby is, authorized, empowered and directed on behalf of and in the name of the Company to retain Imperial Capital, LLC, located at 10100 Santa Monica Boulevard, Suite 2400, Los Angeles, CA 90067, as financial advisor for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval;

RESOLVED FURTHER, that the Company shall be, and hereby is, authorized, empowered and directed on behalf of and in the name of the Company to retain Reliable Companies d/b/a Reliable, located at Nemours Building, 1007 Orange Street, Suite 110, Wilmington, DE 19801, as

claims and noticing agent and administrative advisor for the Company in the Chapter 11 Case, subject to Bankruptcy Court approval;

### III.    General Authorization and Ratification

RESOLVED, that each Authorized Person be, and hereby is, authorized, empowered and directed, for and on behalf of the Company to (a) do and perform all such acts and things and enter into, execute, acknowledge, deliver, and file all such certificates, agreements, acknowledgments, instruments, contracts, statements, and other documents and to take such further actions as the Authorized Person may deem necessary or appropriate to effect the intent and accomplish the purposes of the foregoing resolutions, with the taking of any such action by the Authorized Person being conclusive evidence that the same did meet such standards as set forth above, (b) perform the obligations of the Company under the Bankruptcy Code, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices and documents to be executed and delivered in such form, as the Authorized Person performing or executing the same shall approve, and the performance or execution thereof by the Authorized Person shall be conclusive evidence of the approval thereof by the Authorized Person, the Board and by the Company and (c) pay fees and expenses in connection with the transactions contemplated by the foregoing resolutions; and

RESOLVED FURTHER, that any and all actions taken by each Authorized Person prior to the date of adoption of the foregoing resolutions, which would have been authorized by the foregoing resolutions but for the fact that such actions were taken prior to such date, be, and each hereby is, ratified, approved, confirmed, and adopted as a duly authorized act of the Company in all respects and for all purposes.

[*The rest of this page is left blank intentionally; the signature page follows.*]

3

**IN WITNESS WHEREOF**, each of the undersigned has executed this Action by Written Consent as of the date set forth below.

Name: Michael T. Shaw
Date:  November 9, 2020

Name: Mark Pape
Date:  November 9, 2020

Name: Ned N. Fleming, III
Date:  November 9, 2020

Name: Craig J. Jennings
Date:  November 9, 2020

Name: Robert Derrick
Date:  November 9, 2020

Name: Matthew Harvey
Date:  November 9, 2020

4

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
-------------------------------------------------------- x
In re:                            :     Chapter 11
                                  :
TRANSFORMATION TECH               :     Case No. 20–_____ (    )
INVESTORS, INC.,                  :
                                  :
          Debtor.                 :
-------------------------------------------------------- x
```

## STATEMENT OF CORPORATE OWNERSHIP

The following is the list of entities that directly or indirectly own 10% or more of any class of the above-captioned debtor's equity interests. This list has been prepared in accordance with Fed. R. Bankr. P. 1007(a)(1) and Fed. R. Bankr. P. 7007.1 for filing in this chapter 11 case.

1. Interface Special Holdings, Inc. owns 100% of the common stock in Transformation Tech Investors, Inc.

2. The following entities own 10% or more of the series A preferred stock of Transformation Tech Investors, Inc.:

    a. Prudential Capital Partners V. L.P. – 36.95%

    b. Terman Investment PTE Ltd. – 19.44%

    c. Prudential Capital Partners (Parallel Fund) V, L.P. – 15.78%

    d. Teachers Insurance and Annuity Association of America – 12.50%

3. Interface Security Systems Holdings, Inc. owns 100% of the common stock in Interface Special Holdings, Inc.

4. Interface Master Holdings, Inc. owns 100% of the common stock in Interface Security Systems Holdings, Inc.

5.      Interface Grand Master Holdings, Inc. owns 100% of the common stock in Interface Master Holdings, Inc.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

```
------------------------------------------------------- x
In re:                                :      Chapter 11
                                      :
TRANSFORMATION TECH                   :      Case No. 20–_____ (      )
INVESTORS, INC.,                      :
                                      :
            Debtor.                   :
------------------------------------------------------- x
```

## LIST OF EQUITY SECURITY HOLDERS

The following is a list of the above-captioned debtor's equity security holders. This list

has been prepared in accordance with Fed. R. Bankr. P. 1007(a)(3) for filing in this chapter 11

case.

| Holder Name | Mailing Address of Holder | Percentage of Interests Held |
|---|---|---|
| Interface Special Holdings, Inc. | 3773 Corporate Center Dr., Earth City, MO 63045 | 100% Common Stock |
| Prudential Capital Partners V. L.P. | c/o Prudential Capital Group Two Prudential Plaza 180 N. Stetson Avenue Suite 5600 Chicago, IL 60601 | 36.95% Preferred Stock |
| Terman Investment PTE Ltd. | c/o GIC Special Investments PTE Ltd. 280 Park Avenue, Floor 9 New York, NY 10017 and c/o GIC Special Investments PTE Ltd. York House 45 Seymour Street London W1H 7LX, UK | 19.44% Preferred Stock |
| Prudential Capital Partners (Parallel Fund) V, L.P. | c/o Prudential Capital Group Two Prudential Plaza | 15.78% Preferred Stock |

| Holder Name | Mailing Address of Holder | Percentage of Interests Held |
|---|---|---|
| | 180 N. Stetson Avenue Suite 5600 Chicago, IL 60601 | |
| Teachers Insurance and Annuity Association of America | 8500 Andrew Carnegie Boulevard Charlotte, NC 28262 | 12.50% Preferred Stock |
| PCP ISS Group Investors, LLC | c/o Ottawa Avenue Private Capital, LLC, an affiliate of RDV Corporation 126 Ottawa Ave. NW Suite 500 Grand Rapids, Michigan 49503 | 4.44% Preferred Stock |
| Prudential Capital Partners Management Fund V, L.P. | c/o Prudential Capital Group Two Prudential Plaza 180 N. Stetson Avenue Suite 5600 Chicago, IL 60601 | 2.82% Preferred Stock |
| Dick and Betsy Devos Family Foundation | c/o Ottawa Avenue Private Capital, LLC, an affiliate of RDV Corporation 126 Ottawa Ave. NW Suite 500 Grand Rapids, Michigan 49503 | 2.01% Preferred Stock |
| Doug and Maria Devos Foundation | c/o Ottawa Avenue Private Capital, LLC, an affiliate of RDV Corporation 126 Ottawa Ave. NW Suite 500 Grand Rapids, Michigan 49503 | 2.96% Preferred Stock |
| CDV5 Foundation | c/o Ottawa Avenue Private Capital, LLC, an affiliate of RDV Corporation 126 Ottawa Ave. NW Suite 500 Grand Rapids, Michigan | 2.01% Preferred Stock |

| Holder Name | Mailing Address of Holder | Percentage of Interests Held |
| --- | --- | --- |
|  | 49503 |  |
| Jerry and Marcia Tubergen Foundation | c/o Ottawa Avenue Private Capital, LLC, an affiliate of RDV Corporation 126 Ottawa Ave. NW Suite 500 Grand Rapids, Michigan 49503 | 0.99% Preferred Stock |

Fill in this information to identify the case and this filing:

Debtor Name  Transformation Tech Investors, Inc.

United States Bankruptcy Court for the: District of Delaware
                                           (State)

Case number (If known): _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐     *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐     *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐     *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐     *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐     *Schedule H: Codebtors (Official Form 206H)*

☐     *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐     *Amended Schedule* _____

☐     *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒     *Other document that requires a declaration* Statement of Corporate Ownership and List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____11/11/2020_____
           MM / DD / YYYY

✖   /s/ Mark Pape
Signature of individual signing on behalf of debtor

Mark Pape
Printed name

Director, Authorized Person
Position or relationship to debtor

Debtor Name  Transformation Tech Investors, Inc.

United States Bankruptcy Court for the: District of Delaware
(State)

Case number (*If known*):_____

Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders                                                              12/15

A list of creditors holding the twenty (20) largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the twenty (20) largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Terman Investment PTE Ltd. c/o GIC Special Investments PTE Ltd. 280 Park Avenue, Floor 9 New York, NY 10017 and c/o GIC Special Investments PTE Ltd. York House 45 Seymour Street LONDON W1H 7LX UK | Geraldine Lor (212) 856-2567 geraldinelor@gic.com.sg and Liu Rui (+44) 207-7253883 liurui@gic.com.sg | Note | Contingent | | | $19,444,444.44 |
| 2 | Teachers Insurance and Annuity Association of America 8500 Andrew Carnegie Boulevard Charlotte, NC 28262 | Jason Strife (704) 988-6571 jason.strife@tiaainvestments.com and Derek Fricke (704) 988-3608 Derek.fricke@tiaainvestments.com | Note | Contingent | | | $12,500,000.00 |
| 3 | PCP ISS Group Investors, LLC c/o Ottawa Avenue Private Capital, LLC, an affiliate of RDV Corporation 126 Ottawa Ave. NW, Suite 500 Grand Rapids, MI 49503 | Randall Damstra (616) 454-4114 investmentgroup@rdvcorp.com | Note | Contingent | | | $4,441,594.74 |
| 4 | Doug and Maria Devos Foundation c/o Ottawa Avenue Private Capital, LLC, an affiliate of RDV Corporation 126 Ottawa Ave. NW, Suite 500 Grand Rapids, MI 49503 | Randall Damstra (616) 454-4114 investmentgroup@rdvcorp.com | Note | Contingent | | | $2,960,230.50 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 5 | Dick and Betsy Devos Family Foundation c/o Ottawa Avenue Private Capital, LLC, an affiliate of RDV Corporation 126 Ottawa Avenue. NW, Suite 500 Grand Rapids, MI 49503 | Randall Damstra (616) 454-4114 investmentgroup@rdvcorp.com | Note | Contingent | | | $2,055,715.63 |
| 6 | CDV5 Foundation c/o Ottawa Avenue Private Capital, LLC, an affiliate of RDV Corporation 126 Ottawa Ave. NW, Suite 500 Grand Rapids, MI 49503 | Randall Damstra (616) 454-4114 investmentgroup@rdvcorp.com | Note | Contingent | | | $2,055,715.63 |
| 7 | Jerry and Marcia Tubergen Foundation c/o Ottawa Avenue Private Capital, LLC, an affiliate of RDV Corporation 126 Ottawa Ave. NW, Suite 500 Grand Rapids, MI 49503 | Randall Damstra (616) 454-4114 investmentgroup@rdvcorp.com | Note | Contingent | | | $986,743.50 |
| 8 | | | | | | | |
| 9 | | | | | | | |
| 10 | | | | | | | |
| 11 | | | | | | | |
| 12 | | | | | | | |
| 13 | | | | | | | |
| 14 | | | | | | | |
| 15 | | | | | | | |

**Fill in this information to identify the case and this filing:**

Debtor Name   <u>Transformation Tech Investors, Inc.</u>

United States Bankruptcy Court for the: <u>District of Delaware</u>
                                              (State)

Case number (*If known*): _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)*

☐   *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐   *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐   *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐   *Schedule H: Codebtors (Official Form 206H)*

☐   *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐   *Amended Schedule _____*

☒   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☐   *Other document that requires a declaration _____*

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____<u>11/11/2020</u>_____
         MM / DD / YYYY

✗   <u>/s/ Mark Pape</u>
Signature of individual signing on behalf of debtor

<u>Mark Pape</u>
Printed name

<u>Director, Authorized Person</u>
Position or relationship to debtor